William Earl Johnson
D-95445 Dorm7 Bed58L
C.T.F South Facility
P.O. Box 690
Soledad, California
            93960

**FILED**

2008 JUN 19 A 7 56

RICHARD W. WIEKING
        CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IFP
NP

In The United States District Court

For The Northern District

Of California

Johnson William Earl
        Plaintiff

            V.

B. Curry
        Defendant

## C08 03016 JF

Case No. _____

Complaint Under The
Civil Rights Act.
42 U.S.C §1983

1. JURISDICTION

Jurisdiction is invoked pursuant to 28 U.S.C §1343 and 42 U.S.C §1983.

2. Parties

A. Plaintiff

1. This complaint alleges that the Civil Rights of Plaintiff William Earl Johnson who presently resides at, Soledad State Prison.

PAGE. 1

Were violated by the actions of the below named individuals. The actions were directed against Plaintiff on May 7, 2008 at Soledad State Prison.

B.

1. Defendant. B. Curry resides in Monterey County, and is employed as a Warden. This defendant is sued in His/Her _____ Individual   X Offical capcity.

### 3. Exhaustion of Administrative Remedies

A. Plaintiff has exhausted all administrative and judical remedies available to him at the present time including but not limited to filing of grievances, Administrative appeals State Court actions and Federal District Court actions.

### 4. Causes Of Actions

1. Count One

A. The following Civil Rights has been violated, 5th Amendment Due Process.

B. Supporting Facts

1. Petitioner contends that his due process was violated by the court imposing the UPPER TERM without aggravating circumstances being submitted.

2. Petitioner contends that due process was violated when court fail to impose MIDDLE TERM according to the D.S.L

3. Petitioner contends that under the **Double-the-base-term (repealed by stats 1997, ch 750, effective June.1,1998)** The general rule, under former Pen C §1170.1 (G), was that the term of imprisonment could not exceed twice the number of years imposed by the trail court for the base term under Pen C §1170.1 (B). The double -the-base-term rule was one of the original

1 limits on the aggregate Determinate Sentencing Law(DSL) sentence

2 When former Pen C §1170.1(G) applies, the total term may not

3 exceed double the base term of the principal term fixed by the

4 court.

5 a. A violate felony as defined in Pen C §667.5(C):
b. A consecutive sentence imposed by Pen C §1170.1(B) for
6 multiple kidnapping:
c. A consecutive sentence imposed by Pen C §1170.1(C) for
7 offencesby inmates:
d. Prior-conviction enhancements of Pen C §667(Proposition 8

8 priors; People V. Jackson(1985) 37 C3d 826,838,210 CR 623)
9

10 2. Petitioner contends that Proposition 21. cannot retroactively

11 turn a prior offence into a serious or violent felony offence

12 when doing so is an violation of **EX-POST-FACTO** under the Federal

13 and State Constitution

14

15 2. Count Two

16 A. The following Civil Rights has been violated, 8th Amendment

17 Cruel and Unusual Punishment

18 B. Supporting Facts

19 1. It is cruel and unusual punishment to ill-legally imprison

20 a person under a unconstitutional law, which is the three strike

21 law. The original Constitution states that it is **EX-POST-FACTO**

22 to punish a person for a crime that was commited before the law

23 was enacted, meaning the three strike law.

24 2. It is cruel and unusal punishment to withhold a person mail.

25 if it be legal mail or mail from family and friends etc. etc.

26 3. It is cruel and unusual punishment to delay a person's

27 medical treatment, taking two weeks or more to be seen by a

28 doctor, plus Petitioner contends that he has been waiting on a

surgury over two years. It is Deliberate Indifference to serious
medical needs.

7.2 Federal Standard:"Deliberate Indifference To Serious Medical
Need" Prisoners have a constitutional right to adquate medical
and mental health care: inadequate medical and mental health
care can constitute cruel and unusual punishment in violation
of the Eighth Amendment


3. Count Three

A. The following Civil Rights has been violated, 9th Amendment
Disparaging Sentencing.

B. Supporting Facts

1. The Supreme Court ruled that sentencing some blacks in crack
cocaine case was disparaging sentencing. In petitioners 2004
conviction of sales of crack cocaine petitioner was giving 13
years.


                    5. Summary Of Facts

1. ill-legal sentence
According to Penal Code 17(B) any felony that is punishable by
imprisonment in the State Prison and if any other sentence is
imposed other than State Prison is declared a misdemeanor.
The Court of Appeal affirmed it that the three strike law was
not triggered where the trail court sentenced defendant to
county jail rather than State Prison.
Under authority granted in Penal Code 17(B) wobbler is a
misdemeanor when the court imposed punishment other than State
Prison while Penal Code 667(C) provides that the current

1  conviction must be a felony to trigger the three strike law

2           Points And Authorities Of Penal Code 17(B)
3           1. People V. Steven Alverez 14 Cal.4th 968
           2. People V. Patrick W.Glee 82 Cal. App 4th 99
4           3. People V. Traush 36 Cal. App 4th 1239

5

6  2.Ineffective Assistance Counsel: When counsel failed to do her

7  duty to investagate strike prior.

8  Ineffective Assistance of Counsel(Conflict Interest) Due process

9  equal protection 6th and 14th Amendment.

10 Defence counsel has a constitutional duty to give defendant

11 professional advise on the crucial decision on whether to accept

12 a plea agreement.

13 Generally a defendant suffers prejudice for purpose of an

14 ineffective assistance of counsel claim if there is a reasonable

15 probalility that his reliance on counsel's ineffective assistance

16 affected the outcome of the proceedings.

17 3. Petitioner's 1990 conviction of 245(A)(1) was not a serious

18 or violent offence before proposition 21. was enacted. Therefore

19 that conviction cannot be rendered as a serious or violent or

20 violent felony. Only if it inflicted great bodily injury.

21 At the time of the 1990 conviction 245(A)(1) was not listed in

22 the Penal Code of 1192.7 serious and violent crimes.

23 Assult by means of force likely to produce great bodily injury

24 was not a serious or violent felony for purpose of three strike

25 law. Which requires defendant convicted of felony who has prior

26 conviction for serious felony to be sentenced to double deter-

27 minate term for instant conviction where assult by means of

28 force likely to produce great bodily injury was not included

1 | in assult specifically enumerated in statutes as serious felony
People V. Haykel   App. 4th dist. 2002· 116 Cal. Rptr 2d 667
2

3 | **Sentencing and Punishment 1263**

4 | Prior conviction for assult with a deadly weapon of force likely
5 | to produce great bodily injury can qualify as a strike under
6 | three strike law only if the conviction is for a serious felony;
7 | this means the defendant must have personly inflicted great
8 | bodily injury or personly used a dangerous or deadly weapon .
West's Ann. Cal. Penal code 245 667(A)(4) 1170.12(B) 1192.7(C)
9

10 | People V. Banuelos 30 Cal. Rptr 3d 315

11 | A prior conviction of assult by means likely to cause great
12 | bodily injury is not serious felony for purpose of three strike
13 | law and sentencing enhancement unless it also involves the use
14 | of a deadly weapon or actually results in the personal infliction
15 | of great bodily injury.
West's Ann. Cal. Penal Code 245(A)(1) 667(e-i)
16

17 | Summary of prior proceedings

18 | On Decmber 27, 2004 petitioner pled guilty to and was convicted
19 | of sales of a controlled substance.

20 | Petitioner did not seek direct review of his conviction in the
21 | California state courts.

22 | On May 18, 2005, petitioner filed a petition for writ of habeas
23 | corpus in Los Angeles Superior Court, which was denied the same
24 | day, without a reason for being denied.

25 | On July 18, 2005, he filed a second petition in that court which
26 | was denied on August 1,2005, without a reason for being denied.
27 | Petitioner then filed a writ of habeas corpus with California
28 | Court of Appeal which was denied on September 2,2005, without

1  a reason for being denied. On January 25, 2006, petitioner filed
2  his third prtition in the Los Angeles Superior Court, which was
3  denied the following day, without a reason for being denied. On
4  February 6, 2006, petitioner filed his second habeas petition in
5  the California Court of Appeal, which was denied on February 14
6  2006, without a reason for being denied. Petitioner then filed
7  apetition in the California Supreme Court, which was denied on
8  October 18, 2006. On February 6, 2007 petitioner filed with the
9  United States District Court Central District of California
10 which was denied round or about June 15, 2007, for being time
11 barred(28 U.S.C. §2244(d)(2)under the AEDPA.
12 But the District Court never ruled on the merits of the claims
13 that the petitioner filed.
14
15              6.Request for relief
16 A plaintiff request that this court grant the following relief
17 1. That court make a ruling on the grounds and merits of the
18 claims that was filed in this complaint.
19 A. In regards to a reversal petitioner would ask to be released
20 immediately.
21 B. demand a resentencing
22 C. to have strike removed from his record.
23
24 2. Damages in the sum of $100,000
25 3. Punitive damages in the sum of $100,000
26 4.Other: Cumpensatory damage sum of $100,000
27 A. Compensatory damage sum of $100,000
28 B. Dures-Pain-Suffering sum of $100,000

7. Demand For Jury Trial

Plaintiff demands a trial by ___Judge or _X_ Jury

8. Consent To Magistrate Judge Jurisdiction

_X_ Plaintiff consents to Magistrate Judge as set forth above

__Plaintiff request that a District Judge be designated to decide disposition on matters and trial in this case.

I William Earl Johnson declare under the penalty of perjury that the foregoing is true and correct.

Signed this June day of 13, 2008.

_Mr. William E Johnson_
Plaintiff Signature

# PROOF OF SERVICE BY MAIL

I THE UNDERSIGNED, CERTIFY THAT I AM OVER THE AGE OF EIGHTEEN (18) YEARS OF AGE. THAT I

CAUSED TO BE SERVED A COPY OF THE FOLLOWING DCOUMENT: 2008 JUN 19 A 7 56

ENTITLED: _Complaint Under The Civil Rights Act 42 U.S.C. § 1983_  RICHARD W. WIEKING

_Prisoner's application To Proceed in Forma Pau Peris_  CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

_____

BY PLACING THE SAME IN AN ENVELOPE, SEALING IT BEFORE A CORRECTIONAL OFFICER,

AND DEPOSITING IT IN THE [ UNITED STATES MAIL ] AT C.T.F AND ADDRESSEDIT

TO THE FOLLOWING:

United States District Court
    Northern Division
San Jose Division 280 S. 1st Street
San Jose, California 95113

# C08   03016 JF

EXECUTED ON _June_, _16_, 20 _08_ AT C.T.F SoleDad, CALIFORNIA

I, _Johnson William Earl_ DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAW

OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

_M. William E. Johnson_
SIGNITURE OF DECLARANT

_Johnson William Earl_
PRINT NAME OF DECLARANT

PRO PER.

D95445 Dorn 7 58 Low

Soledad, California
93960

United States District Court
~~[scribbled]~~ Northern Division
San Jose Division 280 S. 1st street #2112
San Jose, California
95113

UNITED STATES POSTAGE

$ 02.36⁰